**Larry Zerner** (Cal Bar. No. 155473) (Lead Counsel)
*pro hac vice* app to be filed
Larry@Zernerlaw.com
Law Office of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
Telephone: 310-773-3623

**Alan Lloyd Kessler**, OSB # 150209
ak@alankessler.law
Law Office of Alan L Kessler
1001 SE Sandy Blvd Ste 210
Portland OR, 97214
Telephone: 503-860-1020

*Attorneys for Plaintiffs Grace Morgan and Morgan Lewis*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| GRACE MORGAN, MELISSA LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>ANDY NGO,<br><br>Defendant | CASE NO.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

Plaintiff Grace Morgan and Melissa Lewis, by and through their undersigned counsel, hereby bring this Complaint against Defendant Andy Ngo for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

**1.** Plaintiffs Grace Morgan and Melissa Lewis bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Plaintiffs' original copyrighted works of authorship.

**2.** Plaintiffs Morgan and Lewis are both experienced photojournalists. Both have spent extensive time covering the Black Lives Matter protests and civil unrest that occurred in Portland, Oregon in 2020 and 2021. Plaintiffs regularly post videos of the civil unrest on the internet.

3. Defendant Andy Ngo is a journalist, social media personality and right-wing provocateur.

**4.** Defendant has repeatedly taken the videos posted by Plaintiffs and reposted them on the internet without Plaintiffs permission or consent in violation of their exclusive copyrights.

## THE PARTIES

5. Plaintiff Morgan has been a freelance photographer for the past 15 years, and more recently an independent conflict photojournalist based out of Portland, OR. In the past year, her work has been published by The New York Times, The BBC, Reuters, NPR, CNN & MSNBC to name a few. In 2020, she was one of a handful of journalists consistently providing live, on-the-ground coverage for more than one hundred days straight, documenting the Black Lives Matter movement and civil

unrest that occurred in Portland, as well as Minneapolis. Morgan is a resident of Portland, Oregon.

6. Plaintiff Lewis is an activist, journalist, and videographer. Her works have been featured in the New York Times, ABC, and she writes for local Portland publications. Melissa specializes in frontline footage, and has captured vital video of local police brutality, federal police brutality, chemical weapons use on citizens, far right extremism, and militia activity. She has worked with her community for over two years as an antifascist, citizen journalist. Lewis is a resident of Portland, Oregon. Lewis sometimes goes by the moniker "Claudio" on her social media pages.

7. Defendant Ngo is a journalist, social media personality and right-wing provocateur. Upon information and belief, Ngo lives and works in Portland Oregon.

## JURISDICTION AND VENUE

8. The present action arises under the Copyright Act, Title 17, Section 101, et seq., of the United States Code.

9. Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a).

10. Venue lies in the District Court of Oregon under 28 U.S.C. § 1391(a) and (b) and 28 U.S.C. Section 1400(a).

## FACTS COMMON TO CLAIMS OF RELIEF

11. Plaintiff Morgan is the owner of the original video titled Robert Delgado Protest ("the Morgan Video") which was shot in Portland Oregon on or about October 1, 2021. Morgan registered the Morgan Video with the U.S. Copyright Office on November 9, 2021, Registration No. PA0002320874.

12. Plaintiff Lewis is the owner of the original video titled PPB Blocked in Garage ("the Lewis Video") which was shot in Portland Oregon on or about October 1, 2021. Lewis registered the Lewis Video with the U.S. Copyright Office on November 19, 2021, Registration No. PA0002322592.

13. Both Plaintiffs regularly post videos to Twitter. Morgan at @gravemorgan and Lewis at @Claudio_Report. Defendant has made a practice of illegally copying and uploading Plaintiffs' videos onto his own Twitter account ("@MrAndyNgo").

14. When he uploads Plaintiffs' videos to his own Twitter account, Defendant includes a credit for Plaintiffs (e.g., "From Melissa "Claudio" Lewis").

15. Because Plaintiffs are considered "left-wing" journalist and Defendant is a "right-wing" journalist, when Defendant uploads Plaintiffs' videos, Plaintiffs are deluged with harassing comments from Defendant's followers. This has resulted in instances where Plaintiffs were physically attacked by Defendant's followers.

16. As a result of this harassment, Plaintiffs have both blocked Defendant from following them on Twitter so he would be unable to see their Twitter posts and videos.

17. Despite the fact that Plaintiffs have blocked Defendant from following them on their Twitter accounts, Defendant continues to upload and post Plaintiffs' videos on his Twitter account. Defendant does this action despite knowing that every time he does so, Plaintiffs incur further harassment from Defendant's followers.

18. It is important to note that Defendant is not "retweeting" Plaintiffs tweets. Because Defendant is blocked from viewing Plaintiffs' tweets, he is not able to "retweet" Plaintiffs' videos. Defendant must be using one or more alternate Twitter accounts to obtain the raw video URL from Plaintiffs' posted videos, then deliberately copying the video URL from Plaintiffs' videos into his own tweets.

19. Defendant's actions constitute a clear violation of Plaintiffs' exclusive right under copyright law to reproduce the videos and to publicly display the videos.

20. Although Defendant has illegally posted many of Plaintiffs' videos this present lawsuit involves only the Morgan Video and the Lewis Video.

21. On October 1, 2021, Morgan tweeted the Morgan Video. The tweet can be viewed at https://twitter.com/i/status/1444151271347261444.

22. On October 2, 2021, Defendant illegally copied and posted the Morgan Video on his own Twitter feed. The tweet can be viewed here:

https://twitter.com/MrAndyNgo/status/1444292756864700420.

23. On October 1, 2021, Lewis tweeted the Lewis Video. The tweet can be viewed at https://twitter.com/Claudio_Report/status/1444154280336756739.

24. On October 2, 2021, Defendant illegally copied and posted the Lewis Video on his own Twitter feed. The tweet can be viewed here:

https://twitter.com/MrAndyNgo/status/1444293722896797702.

25. At no point did Morgan or Lewis ever grant permission or consent to Defendant to post their videos on the internet. In fact, because Morgan and Lewis have blocked Defendant from viewing their Twitter feeds, he knew that he did not have permission to copy and upload their videos to his own Twitter account.

26. As a result of Defendant's refusal to take down the infringing videos, Plaintiffs had no choice but to file this lawsuit to vindicate their rights and put a stop to Defendant's persistent infringement of their copyrighted videos.

## COUNT I

## COPYRIGHT INFRINGEMENT

27. Plaintiffs incorporate the allegations above as if fully set forth herein.

28. Plaintiff Morgan is the owner of the Morgan Video, has properly registered the Morgan Video with the U.S. Copyright Office and owns all of the exclusive rights belonging to a copyright owner.

29. Plaintiff Lewis is the owner of the Lewis Video, has properly registered the Lewis Video with the U.S. Copyright Office and owns all of the exclusive rights belonging to a copyright owner.

30. Defendant Ngo has infringed the Morgan Video and the Lewis Video by illegally uploading the Videos to his Twitter account.

31. Defendant's acts were done knowingly, willfully, and deliberately.

32. As the direct and proximate result of the wrongful acts of Defendant, Plaintiffs have suffered and will continue to suffer substantial injuries and damage. Plaintiffs seek to recover of all actual damages suffered by Plaintiffs as a result of the infringement and all profits attributable to the infringement including, but not

6

limited to, all of Defendant's revenues from exploitation of the Videos. Plaintiffs will seek leave of Court to amend this Complaint when the full nature and extent of such monetary damages are ascertained. Plaintiffs reserve the right to elect statutory damages or actual damages, as appropriate. Alternatively, Defendant threatens to continue to act as alleged above and unless restrained and enjoined will continue to do so to Plaintiffs' irreparable injury. The wrongful acts of Defendant are of a continuing nature and will require a multiplicity of judicial proceedings. Accordingly, and alternatively, Plaintiffs are entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendant alleged above.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

33. Judgment in favor of Plaintiffs and against defendant Andy Ngo for copyright infringement.

34. For an injunction ordering that Defendant Andy Ngo be permanently enjoined from infringing on Plaintiffs' videos in any manner, without Plaintiffs' express consent;

35. For such compensatory damages as Plaintiffs have sustained as a result of Defendant's illegal infringements of their copyrights, in an amount to be proven at trial, together with interest thereon as provided by law;

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
7

36. For all profits attributable to the infringement including but not limited to all revenues from exploitation of the infringing work;

37. Alternatively, Plaintiffs seeks statutory damages for willful copyright infringement in an amount according to proof;

38. For an accounting of all profits Defendant derived from his copyright infringement;

39. For the costs of suit and reasonable attorney's fees; and

40. For such other and further relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiffs Grace Morgan and Melissa Lewis, pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demands trial by jury of all issues so triable in the present action.

DATED: December 8, 2021

Respectfully Submitted,

/s/ *Larry Zerner*
Larry Zerner (Cal Bar No. 155473)
*Pro Hac Vice to be filed*
Larry@Zernerlaw.com
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067

/s/ *Alan Lloyd Kessler*
Alan Lloyd Kessler, OSB #150209
ak@alankessler.law
1001 SE Sandy Blvd Ste. 210
Portland, OR 97214

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**